## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                          |   |                  |
|--------------------------|---|------------------|
| **DARAY HARVEY,**        | : |                  |
| **Petitioner,**          | : |                  |
|                          | : |                  |
| **v.**                   | : | **CIVIL NO. 11-5027** |
|                          | : |                  |
| **LOUIS FOLINO, et al.,** | : |                  |
| **Respondents.**         | : |                  |

## ORDER

**AND NOW**, this 25th day of January 2013, upon careful and independent consideration of the Petition for Writ of Habeas Corpus [Doc. No. 1], the state's response thereto, and the state court record, and upon review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey [Doc. No. 12], to which Petitioner filed no objections, it is hereby **ORDERED** that:

1.      The Report and Recommendation [Doc. No. 12]  is **APPROVED** and

        **ADOPTED**;[1]

---

[1] Petitioner challenges the admission of hearsay evidence.  As the Magistrate Judge notes, the hearsay challenge properly before the Court is Petitioner's challenge to the state court's ruling, originally reversed on appeal but subsequently affirmed by the Superior Court upon reconsideration, that witness Jameel Green's testimony regarding a prior statement by a non-witness, "Dion" Moore, was not admitted for the truth asserted and therefore was not inadmissible hearsay.  Trial counsel raised this issue during trial and on appeal, and there is no ineffective assistance of counsel claim here.  However, Petitioner asserts that because neither the government nor his own attorney called Moore to testify at trial, he was denied the opportunity to cross-examine a witness against him in violation of his rights under the confrontation clause of the United States Constitution.  As the Magistrate Judge opined, Moore's statements to Green were not testimonial; they were casual remarks made to an acquaintance. United States v. Fleming, 287 Fed. Appx. 150, 154 (3d Cir. 2008). Moreover, even if they were testimonial, they were not introduced to establish the truth of the matter asserted and the jury was issued an appropriate limiting instruction by the trial court judge.  Therefore, the admission of Moore's out-of-court statement did not violate Petitioner's rights under the confrontation clause.  Tennessee v. Street, 471 U.S. 409, 414 (1985).
          Petitioner also argues that the trial court erred in sentencing him to 20 to 40 years of imprisonment, based upon a finding that he was convicted of conspiracy to commit murder.  Petitioner argues that he was charged and found guilty of conspiracy to shoot the victim, not conspiracy to murder the victim, and therefore the trial court should have imposed a sentence appropriate for the crime of conspiracy to commit aggravated assault.  Thus, he argues, his direct appellate counsel was ineffective for failing to preserve this sentencing issue on appeal.  Petitioner also raised this issue in state court, through his PCRA appeal, and the claim was rejected by the Superior Court

2.      The Petition for Writ of Habeas Corpus is **DENIED**;

3.      There is no probable cause to issue a certificate of appealablity; and

4.      The Clerk of Court is **DIRECTED** to mark this case closed for statistical purposes.

It is so **ORDERED**.

                                                     **BY THE COURT:**


                                                     /s/ Cynthia M. Rufe
                                                     _____
                                                     **CYNTHIA M. RUFE, J.**

---

applying the <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) standard.  Counsel cannot be deemed ineffective for failing to preserve a meritless claim.  <u>Werts v. Vaughn</u>, 228 F.3d 178, 203 (3d Cir. 2000).  The Court adopts the Magistrate Judge's analysis and conclusion on this issue as well, and agrees that appellate counsel was not ineffective for failing to raise this issue on appeal as it is clear that no due-process violation occurred.